UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BRIAN WAHRENBERGER,**

    **Plaintiff,**

                                                CASE NO.:

**v.**

**WALMART, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Brian Wahrenberger, by and through undersigned counsel, brings this action against Defendant, Walmart Inc., and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq. and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has pendent jurisdiction over the state law claims.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Seminole County.

## PARTIES

4. Plaintiff is a resident of Seminole County, Florida.

5. Defendant operates a retail business in Sanford, in Seminole County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

11. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

## FACTS

12. Plaintiff applied to work for Defendant as a Cashier in the Automotive Department.

13. On or about March 9, 2021, Plaintiff had a telephonic interview with Hector (Last Name Unknown).

14. Hector advised Plaintiff that there were still other candidates to interview.

15. Several days later, Hector called Plaintiff and offered him the position as Cashier in the Automotive Department, which Plaintiff accepted.

16. Plaintiff then told Hector that Plaintiff uses a wheelchair and that he would request any reasonable accommodations that may or may not have been necessary.

17. Plaintiff has worked as a Cashier in automotive departments before for other employers.

18. At the end of the phone call, Hector advised Plaintiff that he was going on vacation and would be back in a week or two with paperwork.

19. Several days later, Plaintiff called Defendant's automotive department and the employee that answered stated Hector was not on vacation but had left for the day.

20. Plaintiff called again a few days later, but this time he concealed his number. Hector answered and told Plaintiff it was bad news because he had hired two new people as Cashiers.

21. At all relevant times, Plaintiff suffered from a physical condition that substantially limited his ability to perform one or more major life activities.

22. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities.

23. Plaintiff continues to suffer from the aforementioned physical or mental condition.

24. At all times material hereto, Plaintiff could perform the essential functions of the job with Defendant with or without accommodation.

25. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA and the FCRA.

### COUNT I – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

26. Plaintiff realleges and readopts the allegations of paragraphs 1-10 and 12-25 of this Complaint, as though fully set forth herein.

27. Plaintiff is a member of a protected class under the ADA.

28. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

29. Specifically, Defendant failed to hire Plaintiff and subsequently denied Plaintiff a reasonable accommodation that would have permitted him to perform all of the essential functions of the job of cashier with Defendant.

30. Defendant's actions were willful and done with malice.

31. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

   a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT VII – FCRA VIOLATION

## (HANDICAP DISCRIMINATION)

32.   Plaintiff realleges and readopts the allegations of paragraphs 1-8 and 11-25 of this Complaint, as though fully set forth herein.

33.   Plaintiff is a member of a protected class under the FCRA.

34.   Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

35.   Defendant's actions were willful and done with malice.

36.   Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

    h)    All costs and attorney's fees incurred in prosecuting these claims; and

    i)    For such further relief as this Court deems just and equitable

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 16th day of December, 2021.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **AMANDA E. HEYSTEK**
        Florida Bar Number: 0285020
        Direct Dial: 813-379-2560
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: aheystek@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**